**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEMARCUS JEVON STEWARD,

        Plaintiff,

v.                                     Case No.: 3:25-cv-703-WWB-PDB

THE CSI COMPANIES, INC.,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 20) and Plaintiff's Opposition (Doc. 25).[1]  For the reasons set forth below, Defendant's Motion will be granted in part.

## I.  BACKGROUND

Plaintiff, an African American male, was employed by Defendant The CSI Companies, Inc., as relevant, from September 2022, through May 2024.  (Doc. 11 at 5–6, 27).  During that time, Plaintiff contracted with Defendant to work on certain jobs as a Healthcare IT consultant but was also denied work on other jobs.  (*Id.* at 5–12).  As relevant to his claims in this case, in May 2024, Defendant staffed Plaintiff for an assignment with Memorial Hermann Medical.  (*Id.* at 12, 14).  Plaintiff travelled to Houston, Texas, and attended orientation, where he was introduced to his team lead for

---

[1] Plaintiff's Second Amended Complaint (Doc. 11) and Opposition fail to comply with this Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the filing, but any further failures to comply with all applicable rules and orders of this Court, including the Standing Orders, may result in the striking or denial of filings without notice or leave to refile.  This will be the final warning.

the assignment, Christopher Walker, an African American male. (*Id.* at 14–16, 25; Doc. 11-1 at 18).

On the first day of work, Walker contacted Plaintiff via text messages and phone calls to Plaintiff's cell phone, which Plaintiff did not receive. (Doc. 11 at 17). Plaintiff attempted to return Walker's communications, but Walker did not respond. (*Id.*). The following day, Walker approached Plaintiff at the pediatric clinic where he was working to question him regarding his lack of communication the prior day. (*Id.* at 18, 20). Plaintiff states that Walker's demeanor and tone were aggressive, resulting in clinic staff asking them to take the conversation elsewhere. (*Id.* at 19–20). Plaintiff and Walker proceeded to a lab where Walker expressed his frustration with Plaintiff's failure to respond to his communications the previous day. (*Id.* at 20–21). Despite Plaintiff's attempts to offer alternative means of contact, Walker exited the clinic and informed Plaintiff that his employment on that job might be terminated. (*Id.* at 21). Thereafter, Plaintiff was asked to leave the clinic and return to the hotel and contact human resources. (*Id.* at 22). Defendant decided to remove Plaintiff from the contract, over Plaintiff's objection. (*Id.* at 23). Following his removal from the contract, Plaintiff continued to communicate with human resources regarding the incident with Walker but was largely denied more information. (*Id.* at 25).

Plaintiff had also accepted an offer prior to the incident with Walker for work to begin in April 2025. (*Id.* at 26–27). Plaintiff was presented a re-offer of the contract in November 2024, which Plaintiff again accepted. (*Id.* at 27). The start date of the project was then pushed to November 2025 by Defendant's client. (*Id.*). Plaintiff states that he has not been offered other positions or received other communications from Defendant

2

since May 2024.  (*Id.*).   Plaintiff alleges that all employees that he spoke to or communicated with regarding his employment with Defendant, aside from Walker, are white.  (*Id.* at 27–29).

As a result of the foregoing, Plaintiff alleges claims against Defendant for racial and gender-based discrimination in violation of Title VII and the Florida Civil Rights Act ("**FCRA**") and claims for early termination and failure to hire.  (*See generally id.*).

## II.     LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### III.    DISCUSSION

First, Defendant argues that the Second Amended Complaint is a shotgun pleading because it fails to separate into a different count each cause of action and is replete with conclusory and vague allegations.  As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).  "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted).  As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*."  *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jack., Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings.  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  "The third type of shotgun pleading is one that

4

commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendant argues that the Second Amended Complaint's causes of action are not properly separated. In support, Defendant argues that the Second Amended Complaint fails to include a clear claim for retaliation although one is asserted in the attached Charge of Discrimination and Plaintiff's allegations fail to mimic the words and language used in his Charge of Discrimination. Although litigants are bound by their Charge of Discrimination and cannot allege claims that exceed the scope of the investigation that can reasonably be expected to grow out of the charge of discrimination, *see Mukhina v. Walmart, Inc.*, 162 F.4th 1128, 1134 (11th Cir. 2025), Defendant has failed to cite any legal authority for the proposition that the plaintiff is required to allege all bases set forth in his Charge. Accordingly, Plaintiff's failure to allege a retaliation claim in his pleading or use the exact language of the Charge of Discrimination does not render the Second Amended Complaint a shotgun pleading. And while Plaintiff's use of the phrase "premeditated, retaliatory acts," in the language of his claims is somewhat imprecise, taken in context, it is clear that Plaintiff is referring to the dispute with Walker, not attempting to allege a claim for retaliation.

Defendant's remaining arguments under Rule 8 are actually directed at the sufficiency of Plaintiff's allegations to allege the purported claims, which is properly addressed under Rule 12(b)(6). Having reviewed the Second Amended Complaint,

although it could certainly use refinement and appears to include many immaterial allegations, it does not rise to the level of an impermissible shotgun pleading.

Alternatively, Defendant argues that Plaintiff has failed to allege a claim for discrimination based on either race or gender or, to the extent he intended to, a claim for retaliation. Nothing in the Second Amended Complaint appears to allege or attempt to allege a claim for retaliation and Plaintiff states that he did not intend to allege a claim for retaliation. Accordingly, the Court will not address Defendant's arguments regarding retaliation.

With respect to discrimination, Plaintiff alleges Counts I and II under Title VII. Count III ("Early Termination") and Count VI ("Failure to Hire") do not cite a substantive legal basis. However, Plaintiff's request for relief cites the FCRA and the Court notes that Counts III and VI largely mimic Counts I and II. Accordingly, the Court construes Counts III and VI as asserting claims for discrimination arising under the FCRA. "Because '[t]he FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework,' the 'FCRA claims do not need separate discussion and their outcome is the same as the federal claims.'" *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1302 (M.D. Fla. 2021) (alteration in original) (quoting *Fuller v. Edwin B. Stimpson Co.*, 598 F. App'x 652, 653 (11th Cir. 2015)).

First, "[t]o state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation omitted). Here, Plaintiff alleges that he is African American and that, aside from Walker, all of Defendant's employees that he interacted with are white or Caucasian. Plaintiff

6

does not allege that any actions were taken against him because of his race, that other employees outside his protected class were treated more favorably, or any other fact that would plausibly allege intentional discrimination.  At best, it appears that Plaintiff is alleging that because the decisionmakers were outside his protected class and his work was otherwise satisfactory, his termination and subsequent failure to receive further contracts were racially discriminatory.  These allegations are entirely too conclusory to allege a claim for racial discrimination.  *See Luthra v. Univ. of Mia.*, No. 25-20656-CIV, 2026 WL 705271, at *4 (S.D. Fla. Mar. 2, 2026); *Rogers v. SMI Steel, Inc*, No. 2:25-cv-49, 2026 WL 483267, at *1 (N.D. Ala. Feb. 20, 2026); *Dvoinik v. Dworkin*, No. 4:24-cv-266, 2025 WL 2771673, at *2 (N.D. Fla. Sept. 25, 2025).

Similarly, Plaintiff alleges that he is a male.  The Second Amended Complaint contains no other factual allegations regarding sex or gender.  Otherwise, Plaintiff makes conclusory allegations regarding "emasculation tactic[s]" and "reinforcing negative stereotypes" without further context or explanation.  (Doc. 11 at 30–32).  Although at this stage of the proceedings Plaintiff need only allege "enough facts that plausibly suggest intentional gender discrimination," *Brock v. City of Atlanta*, No. 1:22-cv-604, 2023 WL 2733202, at *3 (N.D. Ga. Feb. 22, 2023) (citing *Surtain*, 789 F.3d at 1246), Plaintiff fails to make any factual allegations that plausibly suggest that intentional gender discrimination occurred.  *See Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012); *Ilegbusi v. Univ. of Mia.*, No. 24-24069-CIV, 2025 WL 2531824, at *5 (S.D. Fla. Sept. 3, 2025).  At best, Plaintiff alleges that he is a man and was terminated and not offered subsequent positions.  However, mere membership in a protected group, without more, is insufficient to allege a claim for intentional discrimination.  Therefore, Plaintiff has

7

failed to adequately plead claims for either race or gender discrimination in the Second Amended Complaint and his claims will be dismissed.

## IV.    CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 20) is **GRANTED in part** as set forth herein and **DENIED** in all other respects.

2. The Second Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.

3. On or before **May 8, 2026**, Plaintiff may file an amended pleading to correct the deficiencies noted herein.  The failure to timely do so may result in the dismissal of all claims without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on April 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

8